People v Ballenilla (2018 NY Slip Op 01124)





People v Ballenilla


2018 NY Slip Op 01124


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


5709 450/10

[*1]The People of the State of New York, Respondent,
v
Ilius Ballenilla, Defendant-Appellant.


Andrew Freifeld, New York, for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Order, Supreme Court, Bronx County (Seth L. Marvin, J.), entered on or about October 30, 2013, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
A risk level two adjudication was supported by clear and convincing evidence. The court correctly made point assessments based on facts contained in the victim's grand jury testimony (see People v Mingo, 12 NY3d 563, 573 [2009]), defendant's guilty plea (see Correction Law § 168-n[3]), or both, and defendant's challenges to these assessments are unavailing. We have considered and rejected defendant's remaining arguments concerning his point score.
Regardless of whether the court should have considered the transcript of a New York County trial where defendant was acquitted of charges involving the same victim at an earlier age, there was no prejudice. Nothing in the testimony at that trial, as described by defendant, rendered unreliable the victim's grand jury testimony regarding the events at issue here.
The court also providently exercised its discretion when it declined to grant a downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by defendant's lengthy course of sexual misconduct against a child.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK